Morris v. Goldsmith, No. S1559-02 Cncv (Katz, J., May 13, 2004)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT
Chittenden County, ss.:

MORRIS

v.

GOLDSMITH

ENTRY

In 1987 parties formed a partnership. Its purpose was to develop and sell the Dyke's Farm property, which defendant Goldsmith contributed. They agreed to split the profits of this venture 90/10, with the lion's share going to defendant. According to the agreement, plaintiff Morris would manage the development of the property. Plaintiff did this for the first few years but ceased these duties around 1994. Defendant took over the duties of management and stopped paying plaintiff his share of the profits.

Plaintiff now seeks remuneration for his share of the profits between 1994 and 2001. He has also made a motion to exclude any evidence of the partnership other than defendant's federal and state tax returns.

Neither party disputes the formation of the partnership by oral agreement. As defendant correctly notes, this is a permissible method of formation. 11 V.S.A. § 3201(7) (defining a partnership agreement to include oral, written, or implied agreements); Raymond S. Roberts, Inc. v. White, 117 Vt. 573, 577–78 (1953) (discussing partnership formation). Once a partnership is formed, it becomes an entity separate from the partners and persists until it is dissolved or wound up. 11 V.S.A. §§ 3211, 3271; see also Unif. Ptrship. Act (1997) § 801 cmt.1, 6 Unif. L. Ann. 98 (Supp. 1999) (noting that the "entity theory" inhibits partnerships from readily dissolving). A partner may also be dissociated, which allows the partnership to nevertheless persist. 11 V.S.A. §§ 3251, 3253; Unif. Ptrship. Act (1997) § 601 cmt.1, 6 Unif. L. Ann. 85 (Supp. 1999). In this case, the parties never dissolved, wound up, or formally dissociated prior to 2001. Defendant has alluded to the fact that plaintiff "dissociated" himself from the partnership when he stopped performing his tasks. Dissociation, however, is a technical term of partnership that was introduced by the 1997 revisions. 11 V.S.A. § 3253; Unif. Ptrship. Act (1997) § 601 cmt. 1, 6 Unif. L. Ann. 85 (Supp. 1999). As defined, dissociation allows a partner to leave or be expelled from a partnership by the partner's explicit notice, wrongful conduct, or similar pre-agreed terms. 11 V.S.A. § 3251; Unif. Ptrship. Act (1997) § 601, 6 Unif. L. Ann. 84 (Supp. 1999) (listing ten events causing dissociation). Here, plaintiff did not express any desire to leave the partnership. Instead, he did nothing, which is not the same thing.

Defendant makes much of the fact that plaintiff stopped working. He argues that plaintiff was remunerated with his 10% share of the profits for the time he worked and was cut off when he stopped. This mis-

characterizes the relationship between partners and their right to profit. Partnership is about sharing the risks, rewards, and losses of a business. 11 V.S.A. § 3231; <u>Raymond S. Roberts, Inc.</u>, 117 Vt. at 578 (partners are jointly and severely liable for partnership debts); see also <u>Jennison v. Bierer</u>, 601 F. Supp. 1167, 1177 (D.Vt. 1984) (partnership imposes a fiduciary relationship on each partner that does not end until the partnership affairs are fully settled). As long as he was a partner, plaintiff had an inherent right to his share of the profits. 11 V.S.A. § 3231(b). These profits are not tied to remuneration because partners are not entitled to remuneration for services performed for the partnership. 11 V.S.A. § 3231(h). When plaintiff stopped working, he did not become ineligible for his share of the profits because they were not his remuneration. To characterize them otherwise would contradict plaintiff's status as a partner and violate his right to share in the profits of the partnership.

Instead, the question is whether the partnership continued after plaintiff's cessation of management responsibilities in 1994. To prove that the partnership persisted and that defendant did not end it or formally dissociate, plaintiff seeks to submit the defendant's federal and state tax forms. According to plaintiff, these tax forms demonstrate that the defendant considered the partnership on-going because he continued to include plaintiff's 10% share of the profits. This is valid evidence of what defendant did or did not do with regards to the partnership.

Plaintiff would also like to make these documents the sole written evidence of the partnership agreement through the parol evidence rule. There are two problems with applying this rule to the tax returns. First, the tax returns are not a contract as required by the rule. 11 S. Williston & R. Lord, <u>A Treatise on the Law of Contracts</u> § 33:1, at 558 ("[The parol evidence rule] applies only where there is a binding, written contract.").

The tax returns are a unilateral filing made by defendant.  Plaintiff did not see, sign, or ratify these documents.  The defendant may have drafted them based on his understanding of the partnership, but he did not intend them to create a binding instrument.  Without this mutual intent to bind themselves, the tax returns cannot be considered as an independent source of enforcement on the parties.  Id.  Second, even if the documents could be considered to represent the agreement, they are not fully integrated.  Id. at § 33:14.  The purpose of the parol evidence rule is to exclude extrinsic evidence of prior or contemporaneous negotiations or drafts once parties have agreed to and signed a final agreement that integrates and nullifies all previous or current statements.  Id. at § 33:1.  The rule is intended, not to keep out all other evidence, but merely to acknowledge the elevated authority of a written, final contract over contradictory evidence generated in its formation.  Isbrandtsen v. North Branch Corp., 150 Vt. 575, 579 n.* (1988).  Here the tax returns, while supporting plaintiff's theory that the partnership was on-going, do not intend to be a final agreement about the nature of the partnership.  They may demonstrate what the defendant understood the agreement to be, but they are not, in and of themselves, the final statement.  Both parties agree that this partnership was formed through an earlier oral agreement.  The tax returns may supply evidence to supplement this agreement, but they do not supplant it.  Therefore, the parol evidence rule is inapplicable to the tax returns.

Plaintiff's motion in limine and motion for summary judgment are denied.

Dated at Burlington, Vermont_____, 2004.

_____

Judge